### BARRON et al. v. MAPES.

(Court of Civil Appeals of Texas. Austin. March 25, 1914.)

BROKERS (§ 86*) — ACTIONS — COMMISSIONS — SUFFICIENCY OF EVIDENCE.

Evidence, in an action for commissions for procuring a purchaser for cattle, *held* not to sustain a judgment against one of defendants, in that it did not show that he had any interest in the cattle or authorized the employment of plaintiff to sell them.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by George A. Mapes against James Barron and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

W. A. Anderson, Lee Upton, and Jas. P. Dumas, all of San Angelo, for appellants.

JENKINS, J. This case originated in the justice's court, from which it was appealed to and tried in the county court. Appellee, plaintiff in the court below, filed a written petition. Appellants assign error on the overruling of the general demurrer to this petition. The petition would not have been good, had the case originated in the county or district court; but, under our liberal form of pleading in the justice's court, there was no error in overruling the general demurrer.

The court did not err in refusing to peremptorily instruct a verdict for the appellants, for the reason that the evidence is sufficient to require the case to be submitted to the jury as to two of the appellants.

We sustain appellants' assignment of error to the effect that the evidence is insufficient to sustain the judgment against Lee Hall. The evidence shows that James Barron stated to appellee that he, Marvin Hall, and Lee Hall owned some cattle, for which they desired him to find a purchaser. There is no allegation that these parties were partners. The evidence shows that he did find a purchaser for some of the cattle; but there is no evidence that Lee Hall owned any interest in these cattle, that he authorized the other two appellants to employ appellee to sell them, or that he had any knowledge of appellee's having done so. In fact, the evidence makes no reference to Lee Hall, except that Barron stated that he was one of the owners of the cattle. This statement was not made in the presence of Hall.

For the reason that the evidence is insufficient to sustain the judgment as to Lee Hall, the case is reversed and remanded.

Reversed and remanded.